UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60077-CIV-COHN/SELTZER

ALLSTATE INSURANCE COMPANY,

    Plaintiff,

vs.

THE FEDERAL SAVINGS BANK, et al.,

    Defendants.
_____/

THE FEDERAL SAVINGS BANK,

    Cross-Plaintiff,

vs.

THE THOMPSON INSURANCE AGENCY, INC., et al.,

    Cross-Defendants.
_____/

THE FEDERAL SAVINGS BANK,

    Third-Party Plaintiff,

vs.

MIAMI GARDENS INSURANCE & INVESTMENT, INC.,
et al.,

    Third-Party Defendants.
_____/

THE THOMPSON INSURANCE AGENCY, INC., et al.,

    Third-Party Plaintiff,

vs.

MIAMI GARDENS INSURANCE & INVESTMENT, INC.,

    Third-Party Defendant.
_____/

DEDRIE THOMPSON,

    Third-Party Plaintiff,

vs.

HOWARD HOWELL, an individual, and
PHILLIP HAYS, an individual,

    Third-Party Defendants.

_____/

### ORDER DENYING CROSS-DEFENDANTS DEDRIE THOMPSON, THOMPSON INSURANCE AGENCY, 5-STAR INSURANCE TAX & PROPERTY MANAGEMENT, INC.'S MOTION TO DISMISS THE FEDERAL SAVINGS BANK'S CROSS-CLAIM

**THIS CAUSE** is before the Court on the Motion to Dismiss Cross-Claim of Federal Savings Bank Against Cross-Defendants Dedrie Thompson, Thompson Insurance Agency, 5-Star Insurance Tax & Property Management, Inc. [DE 44] ("Motion"). The Court has reviewed the Motion, Federal Savings Bank's Response [DE 45] ("Response"), the Cross-Defendants' Reply [DE 57], the record in the case, and is otherwise advised in the premises.

### I. BACKGROUND

Plaintiff Allstate Insurance Company commenced this interpleader action pursuant to Federal Rule of Civil Procedure 22 against Defendants The Federal Savings Bank ("FSB"), The Thompson Insurance Agency, Inc., 5 Star Insurance Tax & Property Management Inc. ("5 Star"), and Dedrie Thompson ("Thompson") on January 17, 2012 to determine who is entitled to $218,734.19 in termination payments that Allstate Insurance Company owes Defendant The Thompson Insurance Agency, Inc. See Complaint [DE 1]. On February 10, 2012, FSB filed a cross-claim against Cross-

Defendants Thompson, Thompson Insurance Agency, and 5 Star (collectively "Cross-Defendants").  See Cross-Claim [DE 12].  The Cross-Claim alleges that FSB's predecessor-in-interest, Generations Bank, f/k/a Brooke Savings Bank, entered into a loan transaction with Miami Gardens Insurance and Investment, Inc. ("MGI") wherein the bank loaned MGI $1,105,174.66 to pay off a prior loan used to purchase an Allstate Insurance agency located in Broward County, Florida.  Cross-Claim ¶¶ 11, 16.  As part of the loan transaction, MGI executed a Security Agreement wherein it granted Generations Bank a lien and security interest in the personal property, assets, rights and collateral (collectively "the collateral") listed in the Security Agreement.  Id. ¶ 14.

FSB contends that MGI is in default under the loan documents for failure to make payments when due and breaching certain covenants and terms contained in the loan documents.  Id. ¶ 19.  Specifically, FBS states that on or about December 30, 2009, MGI sold Thompson all of its right, title, and interest in the property and assets of MGI.  Id. ¶ 27.  FSB contends that the property and assets sold to Thompson includes the collateral upon which FSB has a lien and that MGI violated the terms and conditions of the loan documents when it sold the collateral without the express written consent of FSB.  Id. ¶¶ 28-29.  FSB also asserts in other paragraphs of the Cross-Claim that Thompson caused 5 Star to transfer its interest in the collateral to Thompson Insurance Agency, id. ¶ 30, and that Howard Howell ("Howell")[1] caused MGI to transfer its interest

---

[1] Although FSB fails to precisely identify and describe the relationship between the various parties in the body of the Cross-Claim, it appears that Howell was the president of MGI when the promissory note was executed in July 2008.  See, e.g., Note, Exhibit A to the Cross-Claim [DE 13-1].  Howell later executed a guaranty regarding MGI's full payment and performance under the Loan Documents.  Cross-Claim ¶ 22.

in the collateral to 5 Star to "hinder, delay, and defraud FSB from enforcing its lien rights in the collateral." Id. ¶ 31.

FSB sued MGI, Howell, and Thompson in state court in Kansas to enforce its rights under the Loan Documents and Security Agreements. Id. ¶ 33. A default judgment was entered against each defendant. Id. FSB now seeks to enforce the Kansas judgment against Thompson (Count I), to foreclose its security interest in the collateral against Thompson, Thompson Insurance Agency, and 5 Star (Count II), and to avoid the transfers of the collateral pursuant to Florida's fraudulent conveyance statute (Counts III-V). The Cross-Defendants have filed a motion to dismiss, or alternatively a motion for summary judgment, which FSB opposes.

## II. DISCUSSION

### A. Legal Standard.

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because

4

the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Id.  Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'"  Id. at 556.

### B. The Court Will Not Convert the Motion to Dismiss Into a Motion for Summary Judgment.

Throughout their Motion, Cross-Defendants reference matters outside the pleadings.  The Cross-Defendants invite the Court to "treat this Motion to Dismiss as a Motion for Summary Judgment."  Motion at 2 n.1.  FSB opposes this request, arguing that "the documents attached do not provide a basis for summary judgment."  Response at 4 ¶ 5.  For the reasons discussed below, the Court declines to convert the Motion into a motion for summary judgment.

Rule 12(d) of the Federal Rules of Civil Procedure provides that: "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  "Whenever a judge considers matters outside the pleadings in a 12(b)(6) motion, that motion is hereby converted into a Rule 56 Summary Judgment motion."  Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1267 (11th Cir. 2002). It is within the court's discretion to decide whether to consider matters outside the pleadings.  See Jones v. Auto. Ins. Co., 917 F.2d 1528, 1531-32 (11th Cir. 1990); see also Cabrera v. 27 of Miami Corp., No. 09–20170–CIV, 2009 WL 2076095, at *6 (S.D. Fla. July 13, 2009) (declining to exercise discretion to convert motion to dismiss into motion for summary judgment).  Here, the Court declines to exercise its discretion to consider matters outside the pleadings and will not convert the motion to dismiss into a

motion for summary judgment.  Accordingly, the Court will not address any arguments in support of dismissal premised on matters outside the Cross-Claim.

### C. Fraudulent Conveyance Claims.

Cross-Defendants first argue that the fraudulent conveyance claims should be dismissed because the Cross-Claim fails to satisfy the pleading standard of Federal Rule of Civil Procedure 9(b).  Motion at 6.  Cross-Defendants contend that fraudulent conveyance claims must be plead with particularity and FSB "fails to state the date, time, and place, and circumstances under which Thompson or her entities took actions that indicate fraudulent intent on their part."  Id. at 6-7.  In opposition, FSB argues that Rule 9(b) is inapplicable to fraudulent transfer claims arising under the Florida Uniform Fraudulent Transfers Act, Fla. Stat. § 726.105 ("FUFTA"), because FSB "is a complete stranger to the transactions at issue."  Response at 2 ¶ 2.

Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "Courts relax Rule 9(b)'s heightened pleading requirement for plaintiffs who are trustees or receivers who are 'third party outsiders to the fraudulent transactions' with only second-hand knowledge of the fraudulent acts."  Wiand v. Buhl, No. 8:10–CV–75–T–17MAP, 2011 WL 6048829, at *4 (M.D. Fla. Nov. 3, 2011).  As a court within this district has previously held, "[a] fraudulent-transfer claim, by contrast, involves a third-party defendant who has no relationship with the plaintiff, and thus the plaintiff usually has insufficient information to plead its claim with specificity. . . . As a result, Rule 9(b)'s heightened pleading standard does not apply to claims brought under FUFTA."  Perlman v. Five Corners Investors I, No. 09–81225–CIV, 2010 WL 962953, *4

(S.D. Fla. Mar. 15, 2010); see also Steinberg ex rel. Lancer Mgmt. Grp. LLC v. Alpha Fifth Grp., No. 04-60899-CIV, 2010 WL 1332840, at *3 (S.D. Fla. Mar. 30, 2010) (rejecting argument that fraudulent transfer claims should be dismissed for failure to satisfy Rule 9(b)'s pleading requirements); Steinberg v. A Analyst Ltd., No. 04–60898, 2009 WL 806780, at *3-4 (S.D. Fla. Mar. 26, 2009) (recognizing that Rule 9(b) should not be applied to cases where violations of FUFTA are asserted because unlike common law fraud claims, fraudulent transfer claims are asserted against a person or entity that did not deal directly with the plaintiff in the challenged transaction and the plaintiff generally possesses little or no information about the alleged fraudulent transfer).  Here, because FSB is a third party to the alleged fraudulent transfers, Rule 9(b) would not apply.  Accordingly, the Court declines to dismiss FSB's fraudulent conveyance claims on the grounds that they fail to satisfy Rule 9(b).

### **D. Enforcement of Judgment Claim.**

The Cross-Defendants next argue that FSB's claim to enforce the default judgment obtained Kansas against Thompson should be dismissed because the Kansas court has no personal jurisdiction over Thompson.  Motion at 7.  In support of this argument, the Cross-Defendants rely upon a Motion to Set Aside Default Judgment [DE 44-3] filed in the Kansas matter.  As explained in Section B above, the Court declines to consider documents outside the pleadings and covert this Motion into a motion for summary judgment.  Accordingly, the Court will deny the Cross-Defendants' Motion as to the enforcement of judgment claim.

### E. Foreclosure of Security Interest Claim.

Finally, the Cross-Defendant's argue that FSB's claim to foreclose its security interest in the collateral should be denied because "the bank failed to comply with a core condition precedent to said enforcement" because it "never obtained approval from Allstate for its loan to Howell." Motion at 8. FSB urges the Court to deny the Cross-Defendant's motion to dismiss this count because "it requests that the Court look outside the pleadings to documents provided by the Cross-Defendant." Response at 4 ¶ 4. For the reasons discussed in Sections B and D, the Court declines to consider documents outside the pleadings and will deny the Motion.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Motion to Dismiss Cross-Claim of Federal Savings Bank Against Cross-Defendants Dedrie Thompson, Thompson Insurance Agency, 5-Star Insurance Tax & Property Management, Inc. [DE 44] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 18th day of July, 2012.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record and pro se parties via CM/ECF.